## Commonwealth v. Chase

*John B. Mancke,* for appellant.

*Harold H. Cramer, Deputy Attorney General, John L. Heaton, Assistant Attorney General,* and *Israel Packel, Attorney General,* for Commonwealth.

DOWLING, J., December 6, 1974—Carole Chase had her motor vehicle registration and operator's license suspended pursuant to section 1413 of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS §1413, the pertinent portion of which reads: "(a) the secretary, upon receipt of a certified copy of a judgment, shall forthwith suspend the license and registration of any resident operator or owner . . . against whom such judgment was rendered."

She alleges in her appeal that, under the circumstances of her case, the act of the secretary was unconstitutional. She is correct.

The Commonwealth stipulated that the Department of Transportation acted solely on the basis of the certification of judgment[1] without any knowledge of the facts surrounding the case (N. T. 3). Undisputed evidence adduced in court disclosed that a vehicle owned by appellant, but driven by her son without her permission, struck the rear of another car whose owner, in a district justice's proceedings, named Mrs. Chase as a defendant. It is not clear what occurred at the magistrate's hearing, but, in any event, Mrs. Chase agreed to pay plaintiff, one Mr. Davison, the sum of $1,000 at the rate of $25 a week. When she failed to make payments, judgment was entered against her and sent to the Department of Transportation.

It is clear that section 1413 mandates the action of the secretary in suspending appellant's license upon certification that a judgment was rendered against her. The question is whether the Pennsyl-

---

1. Petitioner testified that a hearing was held in June or July of 1973, but the counsel for the Commonwealth stated there was no record of this hearing and in any event the secretary's action was not predicated upon it.

vania financial responsibility statute of April 29, 1959, P.L. 58, 75 PS §§1401, et seq., is constitutional as applied to a situation where the judgment debtor had neither direct nor vicarious responsibility for the occurrence of the accident.

The United States Supreme Court has twice upheld the constitutionality of state financial responsibility statutes: Kesler v. Department of Public Safety of Utah, 369 U.S. 153 (1962); Reitz v. Mealey, 314 U.S. 33 (1941), on the theory that such statutes are "intended to discourage careless driving or to mitigate its consequences by requiring as a condition of licensing or registration the satisfaction of outstanding accident judgments, the posting of security to cover possible liability for a past accident, or the filing of an insurance policy or other proof of ability to respond in damages in the future:" Kesler, 369 U.S. at 158. These statutes are for the use of the police power to protect against damage inflicted upon the public by those "adjudged guilty of negligent driving:" Reitz, 314 U.S. at 36.

Essentially, the Supreme Court has held such statutes to be valid exercises of the police power for two purposes: (1) to remove from the highways previously negligent drivers who are unable to demonstrate the ability to compensate for future damages they might cause; (2) to punish drivers who, through negligence, cause injury but who escape liability by their inability to pay. Section 1413 of The Vehicle Code does not provide for reinstatement of licenses upon proof of financial responsibility for future accidents. It therefore must be based upon the purpose of punishing negligent drivers.

In Miller v. Depuy, 307 F. Supp. 166, 170 (E. D. Pa., 1969), the court, in referring to this section of

The Vehicle Code, stated "the State's exercise of the police power to promote safety on the highway can, . . . in no direct and compelling way, . . . be served by suspending a person's ownership certificate and operator's license where in fact he has not been shown to be in any way an unsafe driver." In view of the fact that the use of the police power here involved is served only when directed at negligent drivers, section 1413 must have as its purpose, if it is to have any valid purpose, the removal from the highway of negligent drivers who have caused injury with impunity.

In Commonwealth v. Roeting, Jr., 7 Pa. Commonwealth Ct. 317 (1973), the court dealt with a very similar issue, although there the precise facts involved the certification of judgment obtained by a confession of judgment clause in a judgment note. The court held that section 1413 could not be constitutionally applied to such a situation because this was insufficient evidence of negligent driving, stating:

"We believe the Legislature, consistent with the purpose of this statute, envisioned a judgment under Section 1413 to be an adjudication of liability for negligent or careless driving. Where, as here, Section 1413 is invoked by determining fault or liability for negligent driving by confessed judgment, the constitutional right to due process is violated. 'Since the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his licenses, the State may not, consistently with due process, eliminate consideration of that factor . . .' Bell, 402 U.S. at 541. The Secretary, under Section 1413 acts upon only the certification of judgment. This procedure does not permit him to determine the degree of fault, if

any, upon which that judgment was based. Without such a determination, the suspension must fall."

A fortiori where the undisputed evidence clearly negates negligent driving, the application of the statute would clearly be unconstitutional.

Accordingly, we reverse the order of the Secretary of Transportation suspending appellant's license.